Monday, 05 March, 2018 02:08:31 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| NATHAN BARBER, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 17-3228 |
| | ) | |
| WES BARR, et. al., | ) | |
| Defendants | ) | |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims his constitutional rights were violated at the Sangamon County Jail by Sheriff Wes Barr, Lieutenant Bill Smith, Officer John Nielson and Jail Superintendent Larry Beck.

Plaintiff was arrested on February 6, 2017 on forgery charges. Plaintiff says he spoke with his girlfriend multiple times on the day of his arrest. However, the next day, Plaintiff's telephone privileges were suspended. An unspecified jail official told Plaintiff he lost privileges for "calling the victim," but Plaintiff claims he was not initially informed he was also arrested for domestic battery. (Comp., p. 4). Plaintiff says

1

due to the two week suspension, he was "unable to speak (initiate) with counsel." (Comp, p. 4).

Plaintiff says for the next four months, he was repeatedly "harassed and degraded" by Defendant Lieutenant Smith and other staff members with "verbal threats, mockery and falsified disciplinary charges." (Comp., p. 4). As a result, Plaintiff says he lost various privileges. For instance, Plaintiff says Defendant Smith took disciplinary action when Plaintiff refused housing based on fears for his safety. Plaintiff also alleges Defendant Nielson glared at him on April 14, 2017 and stated "I got you" in a threatening manner. (Comp, p. 5).

On April 24, 2017, Defendant Nielson told Plaintiff to cuff up after an attorney visit and informed Plaintiff he was going to segregation. Plaintiff says he was thrown to the floor and struck in the back. Plaintiff is requesting an investigation, a written apology and damages.

The Court takes judicial notice of the fact that Plaintiff is currently in custody of the Illinois Department of Corrections based on three Sangamon County charges: Burglary, Intimidation/Contempt, and what appears to be violating an order concerning a previous domestic battery.[1] Plaintiff was taken into custody on all three charges on October 2, 2016, and remanded to IDOC on June 1, 2017. Plaintiff's

---

[1] https://www.illinois.gov/IDOC/OFFENDER/Pages/InmateSearch.aspx (last visited on March 3, 2016).

complaint maintains he was in custody in the Sangamon County Jail from February 6, 2017 until June 1, 2017. It is therefore unclear if Plaintiff was arrested in October of 2016, released, and then arrested again in February of 2017. In addition, it is unclear if the previous domestic battery included the individual Plaintiff was calling in February of 2017. If so, it appears there may have been a standing order concerning continued contact with her. However, these are not issues before the Court for merit review.

More important, Plaintiff has not clearly stated a constitutional violation based on any of the alleged disciplinary infractions. For instance, "[w]hen a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in 'life, liberty, or property' without due process of law." *Williams v. Ramos,* 71 F.3d 1246, 1248 (7th Cir.1995) *quoting Zinermon v. Burch,* 494 U.S. 113, 125 (1990). Plaintiff cannot demonstrate he had a liberty interest in telephone use. *See Brooks v. Thomas*, 2014 WL 3600520, at *3 (N.D.Ill. July 14, 2014)(pretrial detainee has no liberty interest in telephone use); *Cardenas v. Mashacher*, 2012 WL 1297925, at *3 (S.D.Ill. April 16, 2012)( "Constitution does not recognize an inmate's liberty interest in telephone privileges" for pretrial detainee); *see also Sandin v. Connor,* 515 U.S. 472 (1995) (inmates have no constitutional liberty interest in telephone privileges; variance in custodial conditions does not infringe upon liberty or property interests).

In addition, Plaintiff has not identified any other constitutional violation based only on the denial of telephone privileges for two weeks. *See Broomfield v. Allen County Jail,* 2005 WL 1174123, at *2 (N.D.Ind. May 3, 2005)("The denial of telephone privileges

3

and visitation for ten days was not an extreme deprivation amounting to constitutional violation); *Wrinkles v. Davis,* 311 F.Supp.2d 735, 741 (N.D.Ind. Mar. 17, 2004) (finding no access to telephones for fifty-five days was not sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities); *Hadley v. Peters,* 841 F.Supp. 850, 858 (C.D.Ill. Jan. 26, 1994), *aff'd,* 70 F.3d 117 (7th Cir.1995) (holding that denial of the use of the telephone for ten days was not cruel and unusual punishment).

However, "[a] pretrial detainee's Sixth Amendment right to counsel may be violated if he is not allowed to talk to his lawyer for a sufficiently lengthy period of time." *Byrd v. Vernon County Jail*, 2017 WL 1380644, at *2 (W.D.Wis April 17, 2017), *citing Tucker v. Randall*, 948 F.2d 388, 390-91 (7th Cir. 1991) ("Denying a pretrial-detainee access to a telephone for four days would violate the Constitution in certain circumstances. The Sixth Amendment right to counsel would be implicated if plaintiff was not allowed to talk to his lawyer for the entire four-day period."). It is not clear if Plaintiff was denied all contact with counsel during this time period. In addition, Plaintiff has not identified which Defendant or Defendants were directly responsible for denying Plaintiff an opportunity to talk with counsel. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir.2003); *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir.1981).

Plaintiff also appears to allege Defendant Nielson used excessive force against him on April 27, 2014 when the Defendant pushed Plaintiff to the floor while he was handcuffed and struck him on the back. To prevail on an excessive force allegation, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson,* 135 S.Ct. 2466, 2472-73

4

(2015). "[O]bjective reasonableness turns on the facts and circumstances of each particular case," including "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id*. at 2473 (quotation marks and citation omitted).

However, "[e]ven if an officer's use of force serves no good-faith disciplinary purpose, the force may be so '*de minimus*' that it does not violate the Eighth Amendment." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citations omitted); *Banks v. Patton*, 2017 WL 706217, at *9–10 (E.D.Wis. Feb. 27, 2017)(single act of shoving and bumping pretrial detainee does not constitute cruel and unusual punishment).

Even if Plaintiff has adequately alleged an excessive force claim, it does not appear that he can combine this claim with his allegation that he was denied contact with his attorney because Plaintiff may not combine unrelated claims against different Defendants in the same lawsuit. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007) ("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2). Therefore, unless Plaintiff can demonstrate Defendant Nielson was directly involved in denying Plaintiff phone contact with his attorney, he may not combine these claims in one lawsuit, but instead he must file separate complaints and pay separate filings fees.

Finally, Plaintiff has not stated a constitutional violation based on his general allegations of threats and harassment alone. *See Dewalt v. Carter,* 224 F.3d 607, 612 (7th

5

Cir. 2000)("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."); *Robinson v. Sweeny*, 2013 WL 6451184, at *5 (N.D.Ill. Dec. 4, 2013)(" Verbal harassment is not the type of conduct that gives rise to a constitutional violation.").

Due to the confusion over Plaintiff's claims, the Court will dismiss Plaintiff's initial complaint as a violation of Rules 8, 18 and 20 of the Federal Rules of Civil Procedure and allow Plaintiff an opportunity to file an amended complaint clarifying his claims in compliance with this order. Plaintiff is admonished he must not simply repeat claims previously dismissed, and he must not combine claims in one lawsuit if they are unrelated and alleged against different Defendants.

Plaintiff has also filed a motion for appointment of counsel. [5] Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992). In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Plaintiff says he has talked to two attorneys, but provides no other information. The Court does not believe Plaintiff has demonstrated a reasonable attempt to find

counsel on his own such as a list of attorneys contacted, or copies of letters sent or received. Therefore, his motion is denied with leave to renew.[5].

IT IS THEREFORE ORDERED:

1) After review of the Plaintiff's complaint pursuant to 28 U.S.C. §1915A, the Court finds the complaint is a violation of Rules 8, 18 and 20 of the Federal Rules of Civil Procedure.

2) Plaintiff will be given an opportunity to file an amended complaint in compliance with this Court order. Plaintiff must file his proposed complaint within 21 days of this order or on or before March 26, 2018. The Clerk of the Court is to provide Plaintiff with a blank complaint form to assist him.

3) If Plaintiff fails to file an amended complaint by the March 26, 2018 deadline or fails to follow the Court's directions, his case may be dismissed without prejudice.

4) The Clerk of the Court is directed to reset the internal merit review deadline within 21 to 30 days of this order.

5) Plaintiff's motion for appointment of counsel is denied with leave to renew. [5].

Entered this 5th day of March, 2018.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE